UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ANTHONY MARTINO and ANGELA RYAN,

                              Plaintiffs,

-against-

MARINEMAX NORTHEAST, LLC,
MARINEMAX SERVICES, INC, JOHN DOES
#1-10, ABC CORPORATIONS # 1-10, said
fictitious defendants presently unknown
individuals or entities that may have been involved
in the subject matter of this Complaint, leading to
plaintiffs incurring damages,

                              Defendants.
---------------------------------------------------------X

**MEMORANDUM & ORDER**
17-CV-4708 (DRH)(AKT)

**APPEARANCES:**

**For Plaintiffs:**
THE LENNEY LAW FIRM, LLC
52 Maple Avenue
Morristown, New Jersey 07960
By:    Thomas M. Lenney, Esq.

**For Defendants MarineMax Northeast, LLC and MarineMax Services, Inc.:**
MARSHALL DENNEHY WARNER COLEMAN & GOGGIN
1500 Midlantic Drive, Suite 200
P.O. Box 5489
Mount Laurel, New Jersey 08054
By: Christopher J. DiCicco, Esq.

**HURLEY, Senior District Judge:**

       Plaintiffs Anthony Martino ("Martino") and Angela Ryan ("Ryan") (collectively "Plaintiffs") commenced against defendants MarineMax Northeast LLC and MarineMax Services, Inc. (collectively "MarineMax" or "Defendants") asserting claims for breach of contract, deceptive business practices (N.Y. Gen'l Bus. Law § 349), fraudulent inducement and fraudulent misrepresentation, and negligent misrepresentation, all arising out of their purchase of

a 2016 Sea Ray 350DAN boat from Defendants. Presently before the Court is Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint. For the reason set forth below, the motion is granted.

## BACKGROUND

The following allegations are taken from the Amended Complaint ("Compl.") and presumed true for purposes of this motion.

On November 23, 2015, Plaintiffs entered into a contract of sale to purchase a 2016 Sea Ray 350DAN boat with a Mercruiser motor (the "Boat") from MarineMax's branch office in Lindenhurst, New York for $394,260.40 (the "Purchase Agreement"). (*Id*. ¶¶ 1, 2, 5.) "MarineMax agreed to deliver the Boat with standard equipment, optional equipment, and the dealer installed options as itemized in the Purchase Agreement." (*Id* . ¶ 3.) "Plaintiffs also purchased an extended warranty for the Boat." (*Id*. ¶ 4.) In exchange for payment, MarineMax delivered the Boat to Plaintiffs "with significant and substantial defects" which "rendered the Boat "unusable." (*Id*. ¶¶6-8.) These defects include "(a) one or more portholes are cut incorrectly; (b) the shore power accelerator does not function properly; and (c) the bow thruster does not function properly." (*Id*. ¶ 9.) Plaintiffs have attempted to return the Boat but MarineMax has refused to issue a refund or to repair or replace any of the defects. (*Id*. ¶¶ 10, 11.) In November 2016 the manufacturer of the Boat's generator issued a recall notice "which would require MarineMax to perform necessary repairs to the Boat's generator; MarineMax has refused to perform the necessary repairs for the recall despite requests by Plaintiffs.

Based on the foregoing it is alleged that Defendants (a) breached the Purchase Agreement by failing to deliver a new boat with no defects meeting the specifications as listed therein; and breached their obligations under the extended warranty "by failing to cure the defects identified

to date, as well as by failing to provide the additional services and protections offered and advertised with the extended warranty." (*Id*. ¶¶ 35, 37.) It is further alleged that Defendants misled Plaintiffs by representing "that the Boat . . . would be a new boat with no defects," "that the equipment and dealer installed options . . . would be installed in a professional and workmanlike manner," and "that the extended warranty purchased by Plaintiffs would offer Plaintiffs additional services and protections." (*Id*. ¶¶ 48-50.)

## DISCUSSION

### I. Standard of Review

#### A. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.' " *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); see *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint–Pepperell*, Inc., 945 F.2d 40, 44 (2d Cir. 1991)); see *Weiss v. Village of Sag Harbor*, 762 F. Supp. 560, 567 (E.D.N.Y. 2011) (in deciding a motion to dismiss a court is entitled to consider, inter alia, "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint"). "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d

Cir. 2010). "This generally occurs when the material considered is a 'contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint.' " *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

## II. What Additional Materials the Court Will Consider

Preliminarily, the Court must determine what, if any, of the additional materials submitted by the parties should be considered in ruling on this motion.

In support of their motion, Defendants have submitted (1) a copy of the Purchase Agreement between Plaintiffs and MarineMax dated November 23, 2015 with additional terms and conditions governing the agreement; and (2) a copy of the "Brunswick Passport Premiere Extended Marine Protection Plan" and the registration page for the plan signed by the Plaintiffs. Opposing the motion is an affidavit of Martino alleging, inter alia, that he was presented with multiple documents to sign, "the vast majority of which [he] did not have an opportunity to review" and that only after reviewing Defendant's papers did he see the as-is language in the Purchase Agreement. Further, he asserts that the "as is" language was contrary to his expectation and was never pointed out to him by MarineMax. (*See* DE 44-8.)

Turning first to the two documents submitted by Defendants, they are properly considered on this motion to dismiss as they are "documents 'integral' to the complaint and relied upon in it." *Weiss v. Village of Sag Harbor*, 762 F. Supp. 560, 567 (E.D.N.Y. 2011). Such is not the case with the affidavit submitted by Plaintiffs. Indeed there is no basis for the Court to

consider the affidavit.¹ Therefore, the Court must either exclude evidentiary materials that are extrinsic to the complaint, or convert the 12(b)(6) motion into a summary judgment motion under Rule 56. *See* Fed.R.Civ.P. 12(d); *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir.2000). At this early stage of the litigation, the Court declines to convert the motion.²

**III.     The Breach of Contract Claim**

The elements of a breach of contract claim in New York are "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1996).

The focus of this motion is on the element of breach. According to the amended complaint, Defendants "breached the contract by failing to deliver a new boat with no defects meeting the specifications as listed in the Purchase Agreement." (Compl. ¶ 35.) Defendants maintain that this claim should be dismissed given the disclaimer of warranty provision contained in the Purchase Agreement.

The front page of the Purchase Agreement contains the following language immediately above the signature line:

> **BUYER ACKNOWLEDGES RECEIVING A FULLY COMPLETED COPY OF THIS AGREEMENT. BUYER ACKNOWLEDGES READING AND UNDERSTANDING ALL OF THE TERMS AND CONDITIONS IN THIS AGREEMENT, INCLUDING THE TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS AGREEMENT.**
>
> **SEE THE REVERSE SIDE OF THIS AGREEMENT FOR IMPORTANT INFORMATION REGARDING LIMITATIONS OF WARRANTIES.**

---

¹ The Court notes that there is no request to further amend the complaint.
² The Court notes, parenthetically, that consideration of the allegations regarding signing the Purchase Agreement without time or opportunity to review them would not change the result herein. *See, e.g., Take-Two Interactive Software, Inc. v. Zipperer*, 2018 WL 4347796 (S.D.N.Y. Aug. 16, 2018) ("a signatory to a contract is presumed to have read, understood and agreed to be bound by all terms . . . in the document he or she signed") (internal quotation marks omitted) (citing, *inter alia*, *Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("A contractor must stand by the words of his contract, and, if he will not read what he signs, he alone is responsible for his omission."); *Burton v. Label, LLC*, -- F. Supp. 3d --, 2018 WL 47597352018 (S.D.N.Y. Sept. 13, 2018).

(DE 44-4, p.1 (capitalization and emphasis in original).)

On the reverse side, the following "ADDITIONAL TERMS AND CONDITIONS" are set forth:

> 1. **MANUFACTURER'S WARRANTY.** The boat, motor and accessories sold pursuant to this Agreement are only subject to applicable manufacturer's warranties, if any, except as otherwise expressly provided in this Agreement.
> 2. **DISCLAIMER OF WARRANTIES: THE BOAT, MOTOR AND ACCESSORIES BEING PURCHASED PURSUANT TO THIS AGREEMENT ARE SOLD BY SELLER "AS IS" AND SELLER MAKES NO WARRANTIES ON ITS OWN BEHALF, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE,** *unless* **Seller gives Buyer a written warranty on its own behalf or Seller enters into a service contract in connection with this sale or within 90 days of sale. If Seller gives Buyer a written warranty on its own behalf or enters into a service contract in connection with this sale or within 90 days of sale, then any implied warranties shall be limited in duration to the duration of Seller's written warranty or service contract. IN ALL CASES, SELLER SHALL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING FROM THE BREACH OF THIS AGREEMENT, ANY EXPRESS OR IMPLIED WARRANTY OR OTHERWISE, TO THE MAXIUMUM EXTENT PERMITTED BY APPLICABLE LAW.**
> 3. **DELIVERY** . . .

(*Id.* p.2 (capitalization and emphasis in original).)

Under New York law, warranties can be express or implied. Section 2-313 of the New York Uniform Commercial Code ("NYUCC") governs express warranties, while sections 2-314 and 2-315 create implied warranties of merchantability and fitness for a particular purpose.

A seller can create an express warranty by affirmation, promise, description, or sample. NYUCC § 2-313. In order to demonstrate that an express warranty was created under New York law, a plaintiff "must prove that the statement falls within the definition of a warranty, that she relied on it and that it became part of the basis for the bargain." *Kraft v. Staten Island Boat Sales, Inc.*, 715 F. Supp. 2d 464, 473 (S.D.N.Y. 2010) (internal quotation marks omitted).

Warranties of merchantability and fitness for a particular purpose can be excluded by writing if the writing is conspicuous. N.Y. U.C.C. §§ 2-316(2). A clause is conspicuous "when it so written that a reasonable person against whom it is to operate ought to have noticed it . . . . Language in the body of a form is 'conspicuous' if it larger or other contrasting type or color . . . . Whether a term or clause is 'conspicuous' or not is for decision by the court." *Id*. § 2-316(2). A waiver of the implied warranty of merchantability must specifically include the terms "merchantability." *Id*. In addition. "[u]nless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is' . . . ." *Id*.

Whether Plaintiffs are claiming Defendants breached of an express warranty or an implied warranty, they have failed to state a claim therefor.

The Purchase Agreement meets the requirements for exclusion of the warranties of merchantability and for a particular purpose. Immediately above the signature line, in all capital, bolded letters so as to make it conspicuous, is the admonition to read the reverse side for "important limitations of warranties." Moreover, the limitation itself, again in bold capital letters, states that the boat is being sold "**AS IS,**" that Defendants "**MAKE[] NO WARRANTIES ON ITS OWN BEHALF**," and expressly refers to the absence of implied warranties of merchantability and fitness for a particular purpose. As such, the Purchase Agreement effectively excluded any implied warranties, *see Kraft*, 715 F. Supp. 2d at 473.

Moreover, the "extended warranty" referred to in the amended complaint , i.e. the Brunswick Passport Premiere Extended Marine Protection Plan, does not constitute a warranty issued by Defendants. It identifies Brunswick Product Protection Corporation as the "administrator" and Consumer Program Administrator as the "obligor."

Finally, any claim for express warranty against Defendants must fail. First, the Purchase Agreement, disclaims any express warranties on the part of the Defendants. It also provides that it is the "entire agreement between the parties and no other verbal, written or printed representations, claims or inducements are incorporated into this Agreement, unless in writing and signed by both parties." (DE 44-4 at p. 3, ¶8.) Where, as here, "[t]wo parties have made a contract and have expressed it in a writing to which they both have assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." *Garza v. Marine Trans. Line, Inc.,* 861 F.2d 23, 26 (2d Cir. 1988).[3]

The motion to dismiss the breach of contract claim is granted.

## IV. The General Business Law § 349 Claim

Section 349 of the New York General Business Law ("NYGBL") "makes unlawful 'deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co*., 875 F.3d 107, 124 (2d Cir. 2017) (quoting N.Y. Gen. Bus. Law § 349(a) ). "To state a claim for a § 349 violation, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Id*. (quoting *City of New York v. Smokes-Spirits.com, Inc.,* 12 N.Y.3d 616, 621, 883 N.Y.S.2d 772, 911 N.E.2d 834 (2009) ); *accord Orlander v. Staples, Inc*., 802 F.3d 289, 300 (2d Cir. 2015). The standard for whether an act or practice is misleading is an objective one, requiring a showing that a reasonable consumer would have been misled by

---

[3] The Court declines to address Plaintiff's argument that Defendants "should be estopped from relying upon the "as is" language contained in the Purchase Agreement . . .," as no facts to support the assertion are pleaded in the amended complaint and the argument is not supported by any citation to caselaw.

the defendant's conduct. *Marcus v. AT & T*, 138 F.3d 46, 64 (2d Cir.1998); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26, 623 N.Y.S.2d 529, 647 N.E.2d 741 (N.Y. 1995)

The law is clear that "the presence of a disclaimer or similar clarifying language may defeat a claim of deception" pursuant to GBL § 349. *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) *accord Broder v. MBNA Corp.*, 281 A.D.2d 369, 371, 722 N.Y.S.2d 524 (1st Dep't 2001) ("[T]here can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed . . . ."). Given that the Purchase Agreement both fully disclosed that the boat was being sold "As Is" and complied with the New York statutory requirements for disclaimer of warranties, Plaintiffs' §349 claim must fail for lack of deception.

The motion to dismiss the NYGBL ¶349 claim is granted.

## V. The Fraudulent Misrepresentation and Inducement Claims

Rule 9 of the Federal Rules of Civil Procedure requires that "[a] party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In other words, a claim for fraud must "(1) specify the statements that plaintiff contend were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1228 (2d Cir. 1994); *accord Beasley v. Indy Mac Bank*, 2018 WL 1611667, * 10 (E.D.N.Y. Feb. 26, 2018).

The elements of a claim for fraud are "(1) a material misrepresentation or omission of fact, (2) made by defendant with knowledge of its falsity, (3) intent to defraud, (4) reasonable reliance on the part of the plaintiff, and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234 (2d Cir. 2006). "A fraud claim is not stated by allegations that simply duplicate, in the facts alleged and damages sought, a claim for breach of

contract enhanced only by conclusory allegations that the pleader's adversary made a promise while harboring the concealed intent not to perform it." *Presnall v. Analogic Corp.*, 2018 WL 4473337, * 6 (S.D.N.Y. Sept. 18, 2018) (internal quotations marks omitted).

A claim for fraudulent inducement consists of the following elements: (1) a representation of material fact, (2) which was untrue, (3) which was known to be untrue or made with reckless disregard for the truth, and (5) which the other party relied upon to its detriment. *Jo-Ann Homes at Bellmore, Inc. v. Dworetz*, 25 N.Y.2d 112 (NY 1969). "A claim of fraudulent inducement to enter into a contract also requires an allegation that the misrepresented material fact is 'collateral' to the contract and serves as an 'inducement' to enter the contract." *Centauro Liquid Opportunities Master Fund, L.P. v. Bazzoni,* 2017 U.S. Dist. LEXUS 137829, * 14 (S.D.N.Y. Aug. 28, 2017) (citing *Wall v. CSX Transp.*, 471 F.3d 410, 416 (2d Cir. 2006)).

The allegations with respect to the fraudulent misrepresentation and fraudulent inducement claims are insufficient for a number of reasons. The fraud is not stated with the particularity required by Rule 9. For example, absent are the specific statements allegedly made and who made the alleged statements. Also, absent is any misrepresentation collateral to the Purchase Agreement. Moreover, given that the Purchase Agreements disclaimed any warranties and provided that the boat was being sold as is, there can be no reasonable reliance to support a fraud claim. *Cf. Silvercreek Mgmt., Inc. v. Citigroup, Inc.* – F. Supp. 3d --, 2018 WL 4682783, * (S.D.N.Y. Sept. 28, 2018) (reasonable reliance is assessed by considering the entire context of the transaction, including the contents of any agreement between the parties). Finally, as the Purchase Agreement was fully integrated Plaintiffs cannot rely on parol evidence to vary its terms.

The motion to dismiss the fraud claims is granted.

## VI. Negligent Misrepresentation

To state a cause of action for negligent misrepresentation under New York law, a plaintiff must allege: "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *Riker v. Premier Capital, LLC*, 2016 WL 5334980, at *4 (S.D.N.Y. Sept. 21, 2016) (quoting *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) ).

Under New York law, whether a special relationship exists between two parties is governed by weighing three factors: "[1] whether the person making the representation held or appeared to hold unique or special expertise; [2] whether a special relationship of trust or confidence existed between the parties; and [3] whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 103 (2d Cir. 2001) (quoting *Kimmell v. Schaefer*, 675 N.E.2d 715, 719 (N.Y. 1996) ). Plaintiffs "must establish something beyond an ordinary arm's length transaction . . . ." *Naughright v. Weiss*, 826 F.Supp.2d 676, 688 (S.D.N.Y. 2011).

Plaintiffs have failed to plausibly allege that they had a special or privity-like relationship with Defendants. Plaintiffs' relationship with Defendants was merely that of an arm's length commercial transaction, which typically "lack[s] the requisite level of trust or confidence between them necessary to give rise to a fiduciary obligation." *Meisel v. Grunberg*, 651 F.Supp.2d 98, 114 (S.D.N.Y. 2009) (internal quotation marks omitted); *see Burton,* 2018 WL 4759735, *11 ("New York courts and federal courts applying New York law have continued to follow the general rule of non-actionability for negligent misstatements made in the context of

arms-length business transactions.") (internal quotation marks omitted). Accordingly, the motion to dismiss the negligent misrepresentation claim is granted.

## V.     The Request for Attorney's Fees and Costs

Citing clause 9 of the Purchase Agreement's Additional Terms and Conditions, Defendants seek to be awarded their costs and attorney's fees. Given the absence of any supporting documentation, the Court declines to consider the request at this time. Should Defendants wish to pursue this relief, they should make a motion in accordance with Fed. R. Civ. P. 54(d).

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York  
       November 28, 2018

     s/ Denis R. Hurley  
     Denis R. Hurley  
     United States District Judge